IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Charles Walen, an individual; and Paul Henderson, an individual,<br><br>Plaintiffs,<br>v.<br><br>DOUG BURGUM, in his official capacity as Governor of the State of North Dakota; ALVIN JAEGER, in his official capacity as Secretary of State of North Dakota,<br><br>Defendants,<br><br>and<br><br>The Mandan, Hidatsa and Arikara Nation; Lisa DeVille, an individual; and Cesareo Alvarez, Jr., an individual.<br><br>Proposed Defendants-Intervenors. | Case No. 1:22-cv-00031-PDW-CRH<br><br>[PROPOSED] ANSWER IN INTERVENTION TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

1.  COMES NOW Defendant-Intervenor the Mandan, Hidatsa and Arikara Nation ("MHA Nation"), and individual Defendant-Intervenors Lisa DeVille and Cesar Alvarez (collectively "Tribal Defendants") through its undersigned counsel, and answers Plaintiffs' Complaint as follows.[1] Tribal Defendants aver that the allegations contained in

---

[1] Intervenor Tribal Defendants' interest in this case is limited to Plaintiffs' challenge to Legislative District 4. Intervenor Tribal Defendants take no position on Plaintiffs' challenge to Legislative District 9. To the extent that such allegations may be deemed to be factual and applicable to Intervenor Tribal Defendants' defense of subdistrict 4A, they are denied.

1

paragraph one constitute Plaintiffs' characterization of their reasons and bases for bringing this litigation, to which no response is required. To the extent a response is required, Tribal Defendants admit that Plaintiffs have brought an action for declaratory and injunctive relief; that Plaintiffs have challenged the implementation and use of the redistricting plan enacted in 2021, which created two subdistricts; that the plan was adopted by the North Dakota Legislature; and that the plan was signed into law by Governor Doug Burgum on November 11, 2021. Tribal Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 1 and therefore deny the same.

2. Tribal Defendants aver that the allegations contained in paragraph two constitute Plaintiffs' characterization of their reasons and bases for bringing this litigation, to which no response is required. To the extent a response is required, Tribal Defendants admit that the statewide legislative district map enacted by the Legislature in 2021 is at issue in this action. Tribal Defendants deny that the map adopted by Legislative Assembly in 2021 included subdistricts for the first time in North Dakota's history. Tribal Defendants admit that the map included two subdistricts located in Districts 4 and 9 respectively. Tribal Defendants admit that subdistrict 4A includes the boundaries of the Fort Berthold Reservation and that subdistrict 9A includes the boundaries of the Turtle Mountain Reservation. Tribal Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 1 and therefore deny the same.

3. Tribal Defendants aver that the allegations contained in paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants deny that the Legislative Assembly created the subdistricts solely on the basis of race and admit that compliance with the Voting Rights Act of 1965 was a consideration of the Legislative Assembly in enacting the subdistricts. Tribal Defendants deny the remaining allegations in paragraph 3.

4. Tribal Defendants aver that the allegations contained in paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants deny the allegations in paragraph 4.

5. Tribal Defendants deny the allegations contained in the first sentence of paragraph 5. Tribal Defendants aver that the allegations contained in the second sentence of paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants deny the allegations in the second sentence of paragraph 5.

6. Tribal Defendants aver that the allegations contained in paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants deny the allegations contained in paragraph 6.

7. Tribal Defendants aver that the allegations contained in paragraph 7 constitute Plaintiffs characterization of their claims and the relief requested in this action, to which no response is required. To the extent a response is required, Tribal Defendants deny the allegations contained in paragraph 7.

## JURISDICTION AND VENUE

8. Tribal Defendants aver that the allegations contained in paragraph 8 constitute legal conclusions to which no response is required. Tribal Defendants further aver that the statutes cited in paragraph 8 speak for themselves and are the best evidence of their content. To the extent a response is required, Tribal Defendants deny the allegations contained in paragraph 8.

9. Tribal Defendants admit that Plaintiffs purport to bring their claims under 42 U.S.C. §§ 1983 and 1988(a). Tribal Defendants aver that the remaining allegations contained in paragraph nine constitute legal conclusions to which no response is required. Tribal Defendants further aver that the statutes cited in paragraph 9 speak for themselves and are the best evidence of their content. To the extent a response is required to the remaining allegations contained in paragraph 9, Tribal Defendants deny the same.

10. Tribal Defendants aver that that the allegations contained in paragraph 10 constitute legal conclusions to which no response is required. Tribal Defendants further aver that the statute cited in paragraph 10 speaks for itself and is the best evidence of its content.

## PARTIES

11. Tribal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11, and therefore deny the same.

12. Tribal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12, and therefore deny the same.

13.  Tribal Defendants admit that Doug Burgum is the Governor of North Dakota. Tribal Defendants admit the second sentence of paragraph 13. Tribal Defendants admit that Governor Burgum issued Executive Order 2021-17. Tribal Defendants admit that Governor Burgum signed into law House Bill 1504. Tribal Defendants aver that Executive Order 2021-17 and House Bill ("HB") 1504 speak for themselves and are the best evidence of their content. Tribal Defendants further aver that the remaining allegations in paragraph 13 constitute Plaintiffs' characterization of their legal position with respect to Defendant Burgum, to which no response is required.

14.  Tribal Defendants admit that Alvin Jaeger is the Secretary of State of North Dakota, that as Secretary of State he is the supervisor of elections in North Dakota, and that Secretary Jaeger supervises the conduct of elections and is responsible for publishing a map of all legislative districts in the State. Tribal Defendants further aver that the remaining allegations in paragraph 13 constitute Plaintiffs' characterization of their legal position with respect to Defendant Jaeger, to which no response is required.

## LEGAL BACKGROUND

15.  Tribal Defendants aver that the constitutional provision cited in paragraph 15 speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

16.  Tribal Defendants aver that paragraph 16 consists of legal conclusions to which no response is required. Tribal Defendants further aver that *Shaw v. Reno*, 509 U.S. 630 (1993) speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

17. Tribal Defendants aver that paragraph 17 consists of legal conclusions to which no response is required. Tribal Defendants further aver that *Abbot v. Perez*, 138 S. Ct. 2305 (2018) speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

18. Tribal Defendants aver that paragraph 18 consists of legal conclusions to which no response is required. Tribal Defendants further aver that *Cooper v. Harris*, 137 S. Ct. 1455 (2017) speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

19. Tribal Defendants aver that paragraph 19 consists of legal conclusions to which no response is required. Tribal Defendants further aver that *Cooper v. Harris*, 137 S. Ct. 1455 (2017) speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

20. Tribal Defendants aver that paragraph 20 consists of legal conclusions to which no response is required. Tribal Defendants further aver that *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254 (2015) speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

21. Tribal Defendants aver that paragraph 21 consists of legal conclusions to which no response is required.

22. Tribal Defendants aver that paragraph 22 consists of legal conclusions to which no response is required. Tribal Defendants further aver that *Thornburg v. Gingles*, 478 U.S. 30 (1986) speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

23.     Tribal Defendants aver that paragraph 23 consists of legal conclusions to which no response is required. Tribal Defendants further aver that *Cooper v. Harris*, 137 S. Ct. 1455 (2017) speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

## FACTUAL ALLEGATIONS

24.     Tribal Defendants aver that paragraph 24 consists of legal conclusions to which no response is required. Tribal Defendants further aver that the constitutional provision cited in Paragraph 24 speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

25.     Tribal Defendants aver that paragraph 25 consists of legal conclusions to which no response is required. Tribal Defendants further aver that the constitutional provision cited in Paragraph 25 speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

26.     Tribal Defendants admit that during the 67th Legislative Session, the North Dakota Legislature passed House Bill 1397. Tribal Defendants aver that the remainder of paragraph 26 consists of legal conclusions to which no response is required. Tribal Defendants further aver that HB 1397 speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same

27.     Tribal Defendants admit that on October 29, 2021 North Dakota Governor Doug Burgum issued Executive Order 2021-17. Tribal Defendants aver that the remainder of paragraph 27 consists of legal conclusions to which no response is required. Tribal Defendants further aver that Executive Order 2021-17 speaks for itself and is the best

evidence of its content and deny any characterizations that are inconsistent with the same.

28. Tribal Defendants admit the allegations contained in paragraph 28.

29. Tribal Defendants admit the allegations in Paragraph 29 only as they relate to District 4. Tribal Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and therefore deny the same.

30. Tribal Defendants deny the allegations contained in paragraph 30.

31. Tribal Defendants aver that the recording cited in paragraph 31 speaks for itself and is the best evidence of its content and deny any characterizations that are inconsistent with the same.

32. Tribal Defendants aver that the Redistricting Committee's meeting minutes speak for themselves and are the best evidence of their content and deny any characterizations that are inconsistent with the same.

33. Tribal Defendants deny the allegations in paragraph 33 with respect to District 4. Tribal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 33 with respect to District 9 and therefore deny the same.

34. Tribal Defendants deny the allegations in paragraph 34 with respect to District 4. Tribal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 34 with respect to District 9 and therefore deny the same.

35. Tribal Defendants deny the allegations in paragraph 35 with respect to District 4. Tribal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 35 with respect to District 9 and therefore deny the same.

36. Tribal Defendants deny the allegations in paragraph 36 with respect to District 4. Tribal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 36 with respect to District 9 and therefore deny the same.

37. Tribal Defendants admit the allegations contained in paragraph 37.

38. Tribal Defendants admit the allegations contained in the first sentence of paragraph 38. Tribal Defendants lack sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 38 and therefor deny the same. To the extent any indication was made during the legislative debates that race was the predominant factor in the Committee's decision to create the subdistricts, Tribal Defendants deny that any such indication was an accurate representation of the Committee's decision.

39. Tribal Defendants admit the allegations made in paragraph 39.

40. Tribal Defendants admit that under the redistricting plan enacted by the Legislative Assembly, Districts 4 and 9 are now subdivided into subdistricts 4A and 4B and 9A and 9B respectively. Tribal Defendants admit the third sentence of paragraph 40. Tribal Defendants deny the remainder of the allegations made in paragraph 40.

41. Tribal Defendants admit that under the redistricting plan adopted by the Legislative Assembly, citizens in Districts 4 and 9 are each represented by a single member of the House of Representatives.  Tribal Defendants admit that other North Dakota citizens have multi-member representation in the House of Representatives. Tribal Defendants deny all other allegations contained in paragraph 41.

42. Tribal Defendants aver that paragraph 42 consists of legal conclusions to which no response is required. To the extent a response is required. Tribal Defendants deny the allegations contained in paragraph 42.

43. Tribal Defendants aver that paragraph 43 consists of legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants deny the allegations contained in paragraph 43.

### CAUSE OF ACTION

**Tribal Defendants aver that Plaintiffs' description of their cause of action constitutes Plaintiffs' characterization of their claim to which no response is required. To the extent a response is required, Tribal Defendants deny that Plaintiffs have stated a violation of the Equal Protection Clause and deny that Plaintiffs are entitled to relief pursuant to same**.

44. Tribal Defendants reallege and reincorporate by reference, as if fully set forth herein, all responses provided in paragraphs 1-43 above.

45. Tribal Defendants aver that paragraph 45 states a legal conclusion to which no response is required. To the extent a response is required, Tribal Defendants aver that the constitutional provision cited in paragraph 45 speaks for itself and is the best evidence of its content and deny all characterizations inconsistent with the same.

46. Tribal Defendants aver that paragraph 46 consists of legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants deny the allegations in paragraph 46 with respect to District 4. Tribal Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations regarding District 9 and therefore deny the same.

47. Tribal Defendants aver that paragraph 47 consists of legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants deny the allegations in paragraph 47 with respect to District 4. Tribal Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations regarding District 9 and therefore deny the same.

48. Tribal Defendants aver that paragraph 48 consists of legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants deny the allegations in paragraph 48 with respect to District 4. Tribal Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations regarding District 9 and therefore deny the same.

49. Tribal Defendants aver that paragraph 49 consists of legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants deny the allegations in paragraph 40 with respect to District 4. Tribal Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations regarding District 9 and therefore deny the same.

50. Tribal Defendants aver that paragraph 50 consists of legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants deny Plaintiffs' characterization that the subdistricts in District 4 "deprive" Plaintiffs of representation. Tribal Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations regarding District 9 and therefore deny the same.

51. Tribal Defendants aver that paragraph 51 consists of legal conclusions to which no response is required. To the extent a response is required, Tribal Defendants

lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 51, and therefore deny the same. Tribal Defendants deny the second sentence of paragraph 51.

## **REQUEST FOR RELIEF**

The remaining paragraphs in Plaintiffs' Complaint constitute Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Tribal Defendants deny the allegations in Plaintiffs prayer for relief and deny that Plaintiff is entitled to any relief regarding District 4. Tribal Defendants lack sufficient knowledge and information so as to form a belief about the truth of Plaintiffs' allegations and entitlement to relief with respect to District 9, and therefore deny the same.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs lack standing.

2. Plaintiffs fail to demonstrate the deprivation of a federally protected constitutional right.

3. Plaintiffs fail to state a claim upon which relief can be granted.

4. Plaintiffs have unclean hands.

5. Plaintiffs failed to join the necessary parties for complete relief and adjudication and the parties necessary for the convenient administration of justice.

6. Tribal Defendants designate all denials to the Complaint set forth above as defenses to the extent necessary for their full defense in this matter.

7. Pursuant to 42 U.S.C. § 1988(b), Tribal Defendants will be entitled to recover their attorneys' fees if they are the prevailing party.

8. Tribal Defendants reserve the right to raise additional affirmative defenses as such defenses become known and available in this action.

**WHEREFORE,** Tribal Defendants respectfully request:

A. That the Complaint be dismissed in its entirety on the merits and with prejudice.

B. Their costs and fees in defending this matter.

C. Such other relief as the Court deems just and necessary.

Respectfully submitted this 30th day of March, 2022.

/s/ Michael S. Carter

| | |
|---|---|
| Michael S. Carter | Mark P. Gaber* |
| OK No. 31961 | DC Bar No. 988077 |
| carter@narf.org | mgaber@campaignlegal.org |
| Matthew Campbell | Molly E. Danahy |
| NM No. 138207, CO No. 40808 | DC Bar No. 1643411 |
| mcampbell@narf.org | mdanahy@campaignlegal.org |
| NATIVE AMERICAN RIGHTS FUND | CAMPAIGN LEGAL CENTER |
| 1506 Broadway | 1101 14th St. NW, Ste. 400 |
| Boulder, CO 80301 | Washington, DC 20005 |
| Telephone: (303) 447-8760 (main) | Telephone: (202) 736-2200 (main) |
| Fax: (303) 443-7776 | *Attorneys for Defendant-Intervenors* |
| *Attorneys for Defendant-Intervenors* | |
| | **Admission* pro hac vice *pending*. |

Bryan Sells*
GA No. 635562
bryan@bryansellslaw.com
THE LAW OFFICE OF BRYAN L. SELLS, LLC
Post Office Box 5493
Atlanta, GA 31107-0493
Telephone: (404) 480-4212 (voice and fax)
*Attorney for Defendant-Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2022, the document titled [PROPOSED] ANSWER IN INTERVENTION TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF was electronically filed with the Clerk of the Court by using the CM / ECF system. Participants in this case who are registered CM/ECF users will be served by the CM / ECF system.

| | |
|---|---|
| Paul Sanderson (#05830) | David R. Phillips (#06116) |
| Ryan Joyce (#09549) | Special Assistant Attorney General |
| Evenson Sanderson PC | 300 West Century Ave |
| 1100 College Drive, Suite 5 | Bismarck, ND 58502 |
| Bismarck, ND 58501 | dphillips@bgwattorneys.com |
| psanderson@esattorneys.com | |
| rjoyce@esattorneys.com | |
| | |
| Robert Harms (#03666) | Matthew A. Sagsveen |
| 815 N. Mandan St. | Assistant Attorney General |
| Bismarck, ND 58501 | 500 North 9th Street |
| robert@harmsgroup.net | Bismarck, ND 585501 |
| | masagsve@nd.gov |